**\*\*E-filed 04/28/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THERESA D. LARA,

        Plaintiff,

  v.

CEMDAR II ENTERPRISES, et al.,

        Defendants.
_____/

No. C 10-0751 RS

**ORDER GRANTING MOTION TO REMAND**

This action was removed from Santa Clara Superior Court by defendants Santa Clara County, Sheriff Laurie Smith, and Deputy Sheriff Craig (collectively "the County"). Co-defendants Edmundo and Jean Damasco, who did not join in the notice of removal, now move to remand. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

The Damascos' contention that the County's removal was untimely fails, because the period in which removal must be effected runs from *service* or other notice to the defendant of the complaint, not its mere filing. 28 U.S.C.§ 1446 (b).[1]  Their contention, however, that remand is warranted because they never consented to the removal is meritorious. *See Hewitt v. City of*

---

[1] Under the "first served" rule, the time for removal expires 30 days after service on *any* defendant. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762-763 (9th Cir. 2002).   Thus, it is possible that the County's removal was untimely, but the Damascos have failed to establish when they or other defendants were served.

1  *Stanton*, 798 F.2d 1230 (9th Cir. 1986) ("All defendants must join in a removal petition with the
2  exception of nominal parties."); 28 U.S.C. § 1446(b).

3   The County contends it could not obtain the Damascos' joinder in the removal notice
4  because at the time it lacked information as to which defendants, if any, had been served.  While
5  that may have been so, and an appropriate statement to include in the removal notice, it does not
6  somehow relieve the County from the obligation of obtaining the consent of all served defendants to
7  the removal within the statutory time frame.  *See Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d
8  1261, 1266 (9th Cir. 1999).

9   Finally, the County requests that it be given leave to amend its removal notice to cure any
10 defects.  Given that the Damascos have brought this motion to remand, it is clear that the County is
11 not going to succeed in obtaining their consent to the removal, and therefore cannot cure the defect,
12 even assuming it were not otherwise too late to do so.  This action is hereby remanded to Santa
13 Clara County Superior Court.

15 IT IS SO ORDERED.

17 Dated: 04/28/2010

   _____
   RICHARD SEEBORG
   UNITED STATES DISTRICT JUDGE

2